McIlvaine, J.
This action is prosecuted to reverse the judgment of the superior court of Ciizcinzzati, rendered against the plaintiff in error, and in favor of defendaizt in error.
The original action was brought in the court below by the defendaizt in error, against the plaintiff in error, to recover damages for injuries to the dwelling hozzse of the plaizztiff, situate on a lot abutting on Borden alley, by reason of the construction of a public sewer in said alley by the defendant.
Issue being joined, the cause was submitted to a jury, and a special verdict returned as follows: viz.,- “ 1st. We the jury find the defendant caused the sewer to be built, and the excavation made in the manner set foz*th in the plaintiff’s petition, about 13 feet deep. 2d. That the plaintiff’s building was injured by reason of said excavation. 3d. That th® *503 defendants and their contractor, in making said excavation and building said sewer, took all reasonable and ordinary care to avoid injury to the plaintiff’s property. 4th. We find the plaintiff’s foundation was about four feet in the ground, and that such foundation was suitable for sustaining such structure at the time ot its erection.”
The jury also found the amount of plaintiff’s damages to be $900.
Thereupon the defendant moved the court to render a judgment in its favor, upon the facts found in the special verdict; which motion was afterwards, in general term, overruled and judgment rendered in favor of the plaintiff; to which ruling and judgment the defendant excepted.
There is no averment in the petition, as to “ the manner in which the sewer was built and the excavation made,” not denied in the answer, that can aid the special verdict in supporting the judgment rendered, except this, to wit: that the lateral support of the plaintiff’s foundation walls, from the street, was withdrawn by the excavation, so that they gave way.
The error relied upon, is, that the judgment on the special verdict should have been for the defendant below, and not for the plaintiff.
The only question arising in the case, may be stated in the following form, viz : Are municipal corporations, under the laws of this State, liable for damages to proprietors of lots abutting on streets and alleys, for injuries to buildings erected thereon, resulting from the exercise of their corporate powers, in improving or appropriating such streets and alleys to public uses, while acting within the scope of their municipal authority, and without negligence or malice ?
Strictly, this question should be answered in the negative. But in the ordinary application of the principle involved, neither an unqualified affirmative nor negative answer would be a fair statement of the rule of law upon this subject.
If answered in the affirmative, this qualification should be annexed, namely, that the abutting proprietor has not con tributed to his injury by his own negligence or indiscretion, *504 in the manner of constructing his improvements. In applying this qualification, it is not enough to ascertain, simply, that he acted prudently under the circumstances of fact, which surrounded him at the time; he must, also, have taken into consideration the right of the municipality to make future improvements in the streets or alleys, and to appropriate them to other public uses, within the scope of its authority. If these latter considerations were omitted, it ivas his folly to omit them, and if injury results, it is his misfortune.
And if answered in the negative, this qualification should be annexed to wit: that the municipality, before such lot was improved, had taken no such action in the matter of improving or appropriating such street or alley to public uses, as to reasonably indicate that the uses and improvements of the street or alley were permanently fixed and appropriated. Because, if the municipal authorities have so appropriated or improved the street or alley, as to indicate, to a prudent and careful person, that no further exercise of the power of appropriation or change in the improvements of the street or alley would be made, they should not be permitted to further exercise it, to the injury of those who have acted upon the faith of their acts, without making compensation for such injury.
In thus stating the rule, we have no disposition to depart from the line of decisions formerly made by this court upon this subject, however much those decisions may be in conflict with the decisions of other courts. We believe the principles established by our former cases to be most just and equitable. On the one hand, public improvements and compensation for private property taken for public uses, go side by side ; and on the other hand, the general welfare of towns and cities is protected against the cupidity and perverseness of proprietors who take no interest in the public good, but take advantage of every circumstance that can possibly promote a private gain or save a personal expenditure.
We believe that all the cases heretofore decided by this *505 court upon this subject, can be reconciled upon the principles stated ; although the language employed by different judges m delivering opinions may not be reconcilable.
In Goodloe v. Cincinnati, 4 Ohio, 500, it was held', that a municipal corporation was liable for injuries to a house where the street was illegally and maliciously cut down by the municipal authorities.
In Smith v. Cincinnati, 4 Ohio, 514, it was held, that the corporation was liable for such injuries, in the absence of malice, if its acts were illegal.
In Scovil v. Geddings et al, 7 Ohio, 562, it was held that the agents of the corporation were not liable for injuries to a house and lot, where no unnecessary damage was done, and they acted in good faith and under the authority of the trustees.
In Hickcox v. Cleveland, 8 Ohio, 543, it was held, that the city was not liable where the municipal authorities acted without negligence and within the scope of municipal authority.
Rhodes v. Cleveland, 10 Ohio, 159, was a case where the injury complained of was to the land (and not to structures thereon) by causing it to be overflowed by water from drains ■and ditches. The corporation was held liable. But a distinction may well be taken between that case and one for injury to a building erected on a lot without reference to proper and reasonable drainage of the street.
The next cases are McCombs v. Akron; 15 Ohio, 474, and Akron v. McCombs, 18 Ohio, 229. In these cases it was held that a municipal corporation is liable for injuries resulting from a change of grade whereby the means of access to a building erected on an abutting lot were cut off, or impaired. It appears, however, that the building was erected with reference to an established grade, and the injury resulted from a change in the grade. Avery J., in delivery the opinion of the court in that latter case, says : “ He [McCombs] had made his improvements with an express view to the level and grade of Howard street, adjoining which the building stood.”
Crawford, v. Delaware, 7 Ohio, 459, is the first case in *506 which the doctrine now approved was substantially enunciated. The court below had charged the jury as follows: “That a city or incorporated village, when acting within the scope of its corporate powers, is not liable to owners of lots in the village for injuries sustained by them by the grading of streets, unless such grading be wrongful. But for such wrongful act, it is liable for resulting injuries, as fully as a natural person. That when such corporation, in the exercise of its legal powers, makes a reasonable and proper grade of its streets, without touching or doing unnecessary injury to the unimproved property of owners along the streets so graded ; and when such grading is not unreasonable, improperly or wantonly done by such authorities, they are not guilty of such a wrong as will make them liable to action, even though some damage may result to such owners of property along the street, by such grading. But where such grading is unreasonably, improperly or wantonly made, and injury results to owners, they are liable to the extent of actual damage sustained by such owner. That when the owner of a lot builds upon and improves his lot in good faith, with reference to an established grade of a street, and the grade of such street is afterward so changed by the corporate authorities, as that the property of such owner is thereby substantially injured, such grading would be wrongful, so far as to render the corporation liable to make compensation for such injuries ; for in such a case he would have a right to rely upon the continuance of the grade, with reference to which he made his improvements. That where such corporation neglects to fix any grade, and none is established for a street, and the owner of a lot builds upon and improves his lot, in reference to the then existing state of the road or street used in front of his lot, and uses ordinary discretion and judgment in making his improvements, having reference to the probable future improvements of the town, and with reference also to the right possessed by the corporate authorities to make, a reasonable and proper grade of such street, and he is afterward injured by the making of such grade, he is entitled *507 to recover for actual damages he may sustain, even though the grade so afterward made, may be a reasonable and proper one. But if he so locates his house, without such reasonable reference to future reasonable and proper improvements of the streets adjoining his lot, and without such, exercise of discretion and judgment, and the town afterward makes such reasonable and proper grade, and he is thereby injured, he cannot recover for such injury.”
This charge of the district court was under review upon error, and this court said, “We think the whole charge of the court below was as favorable to the plaintiff as the principles of law would justify.”
It should be observed, however, that, in this case, the testimony tended to show that the value of the property was diminished only by impairing the facilities for ingress and egress. But we are of opinion that the same rule must apply in cases where the structures erected on abutting lots are injured by reason of the corporate acts.
The same doctrine is laid down in the case of the Street Railway v. Cumminsville, 14 Ohio St. 523. Wherein it is said : “ The acquisition of land for a highway of any kind, carries with it the right to put the ground in a suitable condition, to answer the purposes of the acquisition ; and to this public right, all private rights of lot owners are necessarily subordinated. If, before the public has exercised this right, through the regularly constituted authorities, the lot is improved, the owner must do so with reference to its reasonable and proper exercise thereafter ; and cannot complain if his means of access to his improvements are impaired through his own indiscretion. But when the public has taken possession and regularly defined the interests and improvements necessary for its uses, establishing grades, etc., lot owners have the right to assume this exercise of authority as a final decision of the wants of the public, and to make their improvements in reference to it.”
How, then, stands this case ? In 1867, the defendant below constructed a sewer in Borden alley, as it had a right to do ; and in doing so it took all reasonable and ordinary *508 •care to avoid injury to the plaintiff’s property. By making the excavation for the sewer, the lateral support to the plaintiff’s house from the street was withdrawn, so that the foundation walls gave way. These foundations walls were suitar ble for sustaining such a structure at the time the house was built, which was several years before. At the time the house was built, and for many years before that time, Borden alley, by the laws of this state, was in the possession and under the control of the city for the purpose of drainage ; and sewerage was a legitimate mode of drainage, within the scope of its authority. Before the plaintiff below built his Rouse, the city had not, in any manner, as far as the record shows, indicated the nature or extent of drainage by sewers or otherwise that would be required for the public use. The plaintiff, without exercising any judgment or discretion as to the reasonable and proper future use of the alley for sewerage purposes, erected his house on a foundation suitable only for sustaining such a structure at that time, and under the then existing condition of the alley. This was his own wrong, and he has no right to complain of an injury from the construction of the sewer, (which was built in a proper manner), having neglected on his own part to exercise reasonable precautions against such injury.
Judgment reversed and cause remanded.
Welch, C. J. and White, Day and West, JJ., con curred.